NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CAMERON LEE RUSSELL, Jr.,<br><br>Defendant - Appellant. | No. 25-3747<br><br>D.C. No.<br>1:24-cr-00135-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 8, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Cameron Lee Russell, Jr. challenges a district court order denying his

motion to dismiss his indictment for one count of receiving a firearm while under

felony indictment in violation of 18 U.S.C. § 922(n). Because the parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's denial of the motion to dismiss. *United States v. Bartley*, 9 F.4th 1128, 1131 (9th Cir. 2021). We affirm.

1. Russell argues that constitutional applications of § 922(n) require an individualized assessment of dangerousness. But we have recognized that the nation's "historical tradition reveals that legislatures were permitted to categorically disarm those they deemed dangerous without having to perform 'an individualized determination of dangerousness as to each person in a class of prohibited persons.'" *United States v. Duarte*, 137 F.4th 743, 760 (9th Cir. 2025) (en banc) (citation modified). Indeed, in rejecting a facial challenge to § 922(n), we confirmed that the nation's history and tradition established "that legislatures could disarm 'groups' of people without any individualized determination." *United States v. Stennerson*, 150 F.4th 1276, 1289 (9th Cir. 2025) (citation modified). Thus, a constitutional application of § 922(n) need not be premised on an individualized assessment of dangerousness.

2. Russell contends that because obstruction of justice under Montana law, Mont. Code Ann. § 45-7-303, does not require violent conduct, it does not justify disarmament under the historical tradition of temporarily disarming defendants facing serious criminal charges. Regardless, Russell's disarmament is supported

2                                                                    25-3747

by the "historical tradition of disarming 'categories of persons thought by a legislature to present a special danger of misuse.'" *Duarte*, 137 F.4th at 759 (quoting *United States v. Rahimi*, 602 U.S. 680, 698 (2024)); *Stennerson*, 150 F.4th at 1288-89.[1]

The prohibition in § 922(n) reflects Congress's judgment that those facing felony indictment are "presumed to pose a special risk of misusing firearms." *Duarte*, 137 F.4th at 761 (citation modified). "Congress today, like the founding era legislatures . . . , retains the power to disarm narrow segments of the population whom it deems a threat to public safety." *United States v. Perez-Garcia*, 96 F.4th 1166, 1189 (9th Cir. 2024). Moreover, § 922(n) only "temporarily infringed" Russell's Second Amendment rights, and such "[t]emporary disarmaments are well-precedented." *Id.* at 1190.

3. Russell argues that § 922(n) is unconstitutional as applied to him because the obstruction of justice charge against him was flawed and was later dismissed. We reject this argument. "The federal guns laws . . . focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." *Lewis v. United States*, 445 U.S. 55, 67

---

[1] *United States v. Hemani*, No. 24-1234 (U.S. June 18, 2026) does not affect this analysis. Slip op. at 15 n.6 ("[O]ur conclusion today should not be taken to suggest 'that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse.'" (quoting *Rahimi*, 602 U.S. at 698)).

(1980). Russell was free to challenge his indictment "before obtaining a firearm," but he cannot collaterally attack the indictment as a defense to his violation of § 922. *Id.*

Russell contends that *Lewis* has been effectively overruled by the Supreme Court's recent Second Amendment caselaw, but he fails to identify any aspect of that caselaw that undermines the proposition that a defendant must "clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Id.* at 64-65 (citation modified). Nor does Russell suggest that the nation's history and tradition of firearm regulation demand an inquiry into the validity of a predicate indictment prior to disarmament.[2]

**AFFIRMED.**

---

[2] We **GRANT** Russell's motion to take judicial notice of the release order from his state criminal case (Dkt. 16). *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).